IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| KIA AMERICA, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CASE NO. 6:23-CV-00722-ADA-JCM |
| § | |
| LEO MCADAMS, § | |
| § | |
| Defendant. § | |

### REPORT AND RECOMMENDATION OF
### THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ALAN D ALBRIGHT,
    UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Plaintiff Kia America, Inc.'s Motion for Partial Summary Judgment (ECF No. 43). For the reasons described below, the undersigned **RECOMMENDS** Plaintiff's Motion be **GRANTED**.

### I.     BACKGROUND

Plaintiff Kia America, Inc. sued Defendant Leo McAdams seeking, among other things, to enjoin him from misappropriating Kia's confidential and trade secret information. Pl.'s Compl. (ECF No. 1) at ¶ 1. Kia alleged that McAdams transferred thousands of files containing Kia's confidential information to unauthorized personal electronic storage accounts. *Id.* at ¶ 3. After Kia demanded that McAdams return its misappropriated data, McAdams refused to do so, prompting Kia to file this lawsuit. *Id.* at ¶ 4. Kia alleged that, in addition to violating the Texas

1

Uniform Trade Secrets and the Defend Trade Secrets Acts, McAdams's conduct violated the Non-Disclosure Agreement that he signed on May 4, 2015. *Id.* at ¶¶ 43–60.

United States District Court Judge Alan D Albright granted a temporary restraining order against McAdams on October 10, 2023. ECF No. 8. Following a preliminary injunction hearing before Judge Albright, the Court granted the parties' joint motion to enjoin McAdams from possessing, using, or disclosing any of Kia's confidential or trade secret information. ECF No. 20. Judge Albright also ordered McAdams to abide by the parties' agreed forensic remediation protocol. *Id.*

In accordance with that protocol, a third-party vendor created a file listing of McAdams's accounts. Ex. F (ECF No. 44-6) at 1–2. Kia then identified documents that it believed contained confidential information and should be deleted. Pl.'s Mot. at 2. For months, McAdams refused to delete nearly 40,000 of the files, claiming those files were not confidential. Ex. B (ECF No. 44-2) at ¶ 20; Ex. G (ECF No. 44-7) at ¶ 4. Finally, on September 16, 2024, McAdams signed a declaration, under penalty of perjury, maintaining that he (1) permanently deleted the files at issue, (2) is no longer in possession of those files, and (3) will not use, possess, or disclose Kia's confidential information or the designated files. Pl.'s Advisory (ECF No. 46).

Kia moved for partial summary judgment on its breach-of-contract claim and its request for a permanent injunction on September 3, 2024. Pl.'s Mot. The deadline to respond to Kia's Motion expired on September 18, 2024. *See* Local R. for W.D. Tex. CV-7(D)(2) (responses to dispositive motions are due within fourteen days of the filing of the motion). McAdams did not file a response to Kia's Motion or move for leave to file an untimely response. Thus, Kia's assertions of fact are considered undisputed. *See* Fed. R. Civ. P. 56(e)(2) (if a party fails to properly address another party's assertion of fact, the court may consider the fact undisputed for

purposes of the motion). Accordingly, there is no genuine dispute as to any material fact, and the Court need only consider whether Kia is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is not genuine if the trier of fact could not, after an examination of the record, find for the nonmoving party. *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 578 (1986). The moving party bears the burden of showing that no genuine dispute of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). That said, the moving party can satisfy its burden either by producing evidence negating a material fact or pointing out the absence of evidence supporting a material element of the nonmovant's claim. *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991). Throughout this analysis, the Court must view the evidence and all factual inferences in a light most favorable to the party opposing summary judgment. *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014).

## III. DISCUSSION

Kia moves for summary judgment on its (1) breach-of-contract claim and (2) request for a permanent injunction. Pl.'s Mot. As noted above, McAdams did not respond to Kia's Motion. Under Local Rule CV-7(D), if there is no response filed within the time period prescribed by the rules, the Court may grant the motion as unopposed. Local R. for W.D. Tex. CV-7(D)(2). That said, the Court will address the merits of Kia's Motion because deciding a case other than on the

merits of the claims is disfavored. *Mills v. Select Portfolio Servicing, Inc.*, No. A-19-CV-00359-LY-SH, 2019 U.S. Dist. LEXIS 149327, at *4 (W.D. Tex. Sept. 2, 2019).

### A. The undisputed facts conclusively establish every element of Kia's breach-of-contract claim.

Kia contends that it is entitled to summary judgment on its breach-of-contract claim because there is no genuine dispute as to any material fact. Pl.'s Mot. at 4. The relevant inquiry, however, is not whether a genuine dispute exists, but whether the undisputed facts establish that Kia is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a) (a court must grant summary judgment if the movant shows that there is no genuine dispute as to any material fact *and* the movant is entitled to judgment as a matter of law).

A movant is entitled to judgment as a matter of law when the movant conclusively establishes each element of its claim or defense. *See Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) ("[I]f the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor."). Thus, Kia is entitled to summary judgment only if the undisputed facts conclusively establish every element of its claim for breach of contract.

At the outset, the Court notes that California law applies to Kia's breach-of-contract claim. A federal court sitting in diversity applies the forum state's choice-of-law rules to determine which substantive law will apply. *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 770 (5th Cir. 2016) (citations omitted). In Texas, "contractual choice of law provisions should generally be enforced." *Barnett v. DynCorp Int'l, LLC*, 831 F.3d 296, 204 (5th Cir. 2016) (citations omitted). Here, the parties' NDA provides that "[t]he laws of the state of California shall govern the interpretation, validity and effect of this Agreement without regard to the place

4

of performance." Ex. D at § 4. California law, then, supplies the elements of Kia's breach-of-contract claim.

"Under California law, the elements of breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *U.S. Cap. Glob. Inv. Mgmt., LLC v. Noble Cap. Grp., LLC*, No. 1:22-CV-626-DAE, 2023 U.D. Dist. LEXIS 133109, at *22 (W.D. Tex. June 29, 2023) (citing *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011)). Here, Kia has established each of these four elements.

### 1. The Existence of the Contract

"Under California law, the existence of a contract requires: (1) Parties capable of contracting; (2) Their consent; (3) A lawful object; and (4) A sufficient cause or consideration." *Balboa Cap. Corp. v. Okoji Home Visits MHT, L.L.C.*, 111 F.4th 536, 550 (5th Cir. 2024) (citing Cal. Civ. Code § 1550). The undisputed facts establish these four elements.

*Capacity and Consent.* Both parties were capable of contracting at the time the NDA was entered into and both parties consented to its terms. McAdams entered into the NDA with Kia when he began working for the company in May 2015. App. in Supp. of Pl.'s Mot. (ECF No. 44) at ¶ 3; Ex. D (ECF No. 44-4). The undisputed facts conclusively establish that McAdams was capable of contracting and consented to the terms of the NDA. Though McAdams stated that he "could not remember" signing the NDA nor could he locate a signed copy in his personal records, McAdams's e-signature appears on the document. Ex. A (ECF No. 44-1), Dep. of Leo McAdams at 68:6–25. In his deposition, McAdams did not argue that someone else signed the NDA in his name. *Id.* McAdams also stated that he could not say he was "100 percent sure" he did not sign the NDA. *Id.* at 68:19–20. Thus, the undisputed facts conclusively establish that

McAdams signed the NDA and consented to its terms on May 4, 2015. *See Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (a district court is not required to sift through the record in search of evidence supporting the nonmovant).

*A Lawful Object.* The NDA is a lawful object. Under California law, non-disclosure and confidentiality agreements are generally enforceable. *See Erhart v. BofI Holding, Inc.*, No. 15-CV-02287-BAS-NLS, 2017 WL 588390, at *8 (S.D. Cal. Feb. 14, 2017). Thus, the undisputed facts conclusively establish that the NDA is a lawful object. *See Ragas*, 136 F.3d at 458.

*Sufficient Consideration.* Finally, the undisputed facts establish that there was sufficient consideration to support the NDA. "Under California law, a written instrument is presumptive evidence of consideration." *ChromaDex, Inc. v. Elysium Health, Inc.*, 369 F. Supp. 3d 983, 988 (S.D. Cal. 2019) (citing Cal. Civ. Code § 1614). A party seeking to invalidate or avoid a contract for lack of consideration bears the burden of showing that there was inadequate consideration. *Id.* McAdams has made no such showing. Thus, the undisputed facts conclusively establish that the NDA was supported by adequate consideration. Accordingly, Kia has conclusively established the existence of a contract.

**2. Kia's Performance, McAdams's Breach, and the Resulting Damages**

Kia has conclusively established that it performed it obligations under the NDA by employing McAdams. Pl.'s Mot. at 4–5. It is uncontroverted that Kia employed McAdams as a field technical representative, and later as a field technical specialist. Ex. A at 30:13–20. Kia has also conclusively established that McAdams breached the NDA, and that Kia suffered resulting damages. Kia presented summary judgment evidence that McAdams failed to comply with his obligations under the NDA and that such failure caused Kia to suffer damages. *See* Pl.'s Mot.; *see also* App. in Supp. of Pl.'s Mot. at ¶¶ 16–28.

The NDA required McAdams to return Kia's data and equipment upon demand, or at the end of his employment. Ex. D at ¶ 2. The NDA also prohibited McAdams from physically removing Kia's property from the premises, or digitally transferring its electronic data from its servers, at any time. *Id.* Nevertheless, McAdams sent Kia's electronic data to his personal email and storage accounts. Ex. B at ¶¶ 15–16; Ex. G at ¶¶ 3–7. Further, when McAdams was placed on administrative leave, he refused to return Kia's physical equipment or delete the data he sent to his personal accounts. Ex. A at 98:5–21; 104:20–105:3; Ex. B at ¶ 17; Ex. C (ECF No. 44-3) at 91:15–18. Thus, the undisputed facts conclusively establish that McAdams breached the NDA.

As a result of McAdams's breach, Kia suffered at least nominal damages. *See* Pl.'s Mot. at 6; *see also Meta Platforms, Inc. v. BrandTotal Ltd.*, 605 F. Supp. 3d 1218, 1258–59 (N.D. Cal. June 26, 2022) (granting summary judgment on liability to the party asserting breach of contract because even if it did not suffer actual damages, "at least nominal damages are available" as a matter of law). Accordingly, Kia has conclusively established each element of its breach-of-contract claim and is entitled to summary judgment.

**B. The undisputed facts conclusively establish that Kia is entitled to a permanent injunction against McAdams.**

Kia contends that it is entitled to summary judgment on its request for a permanent injunction because there is no genuine dispute of material fact as to any of the requisite elements. As explained above, Kia's facts are undisputed, and the Court need only determine whether Kia is entitled to judgment as a matter of law. In doing so, the Court applies federal law to determine whether to issue a permanent injunction, but the Court analyzes substantive legal questions under the relevant state's law in a diversity case. *Heil Trailer Int'l Co. v. Kula*, 542 F. App'x 329, 335 (5th Cir. 2013).

"A party seeking permanent injunction must show: (1) that it has succeeded on the merits; (2) that a failure to grant the injunction will result in irreparable injury; (3) that said injury outweighs any damage that the injunction will cause the opposing party; and (4) that the injunction will not disserve the public interest." *Valentine v. Collier*, 993 F.3d 270, 280 (5th Cir. 2021). Furthermore, a court should only grant a permanent injunction if a defendant's past conduct gives rise to an inference that, in light of present circumstances, there is a reasonable likelihood of future transgressions. *Id.*

On October 20, 2023, the Court granted Kia's Motion for a Temporary Restraining Order. ECF No. 8. The Court found that:

(1) Kia is likely to succeed on the merits of its breach-of-contract, TUTSA, and DTSA claims;

(2) a rebuttable presumption of irreparable harm exists as to McAdams's alleged misappropriation of trade secrets;

(3) there was potential harm to Kia including loss of a competitive advantage if a TRO was not issued; and

(4) the public interest would be served by the enforcement of Kia's contractual rights and the protection of its confidential and trade secret information.

*Id.* at 3–5. Further, the Court preliminarily enjoined McAdams from possessing, using, or disclosing any of Kia's confidential or trade secret information. ECF No. 20. While the standard for issuing TROs, preliminary injunctions, and permanent injunctions are essentially the same, the undersigned will address each factor in turn.

*Success on the Merits.* "The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success." *Amoco Prod. Co. v. Village Gambell*, 480 U.S.

8

531, 546 n.12 (1987). As discussed above, the undersigned finds that Kia has succeeded on its breach-of-contract claim. Thus, the first factor supports granting a permanent injunction.

*Irreparable Injury that Cannot be Compensated by Money Damages.* "Whereas the essential finding that must be made to issue a TRO or preliminary injunction is irreparable injury, the essential prerequisite to a permanent injunction is the unavailability of an adequate remedy at law." *Lewis v. S. S. Baune*, 534 F.2d 1115, 1123–24 (5th Cir. 1976). To grant a permanent injunction, "the injury must be irreparable—an injury for which compensatory damages are unsuitable." *Wildmon v. Berwick Universal Pictures*, 983 F.2d 21, 24 (5th Cir. 1992). The inadequate remedy test looks to the possibilities of alternative modes of relief, however serious the initial injury. *Lewis*, 534 F.2d at 1124. The undisputed facts conclusively establish that Kia suffered irreparable injury that cannot be adequately compensated by money damages. Ex. B at ¶ 23; *see also Mobius Med. Sys., LP v. Sun Nuclear Corp.*, No. 4:13-CV-3182, 2013 WL 6498981, at * 14 (S.D. Tex. Dec. 10, 2013) (citation omitted) ("When a defendant possesses trade secrets and is in a position to use them, harm to the trade secret owner may be presumed"). Thus, the second factor weighs in favor of granting a permanent injunction.

*The Balance of Hardships.* A permanent injunction poses no undue hardship on McAdams because it merely requires McAdams to comply with the NDA. Pl.'s Mot. at 9–10. Thus, considering the undisputed facts, the undersigned finds that this factor favors granting a permanent injunction.

*Public Interest.* A permanent injunction will serve the public interest in avoiding use or disclosure of confidential and trade secret information. Pl.'s Mot. at 10; *Avenue7Media, LLC v. Johnson Greer*, No. SA-22-CV-00817-JKP, 2022 WL 17365278, at *3 (W.D. Tex. Dec. 1,

2022). Thus, the undersigned also finds that the fourth factor weighs in favor of granting a permanent injunction.

*Reasonable Likelihood of Future Transgressions.* For months, McAdams continued to possess Kia's confidential information in direct violation of the Court's order. *See* Pl.'s Advisory. While McAdams provided a sworn declaration that he has permanently deleted the information at issue, McAdams tends to say one thing and do another. When confronted with the NDA bearing his e-signature, McAdams claimed he was "99 percent sure" he did not sign the NDA because he could not remember signing it. Ex. A at 68:1–20. Further, when confronted about the confidential files sent from his work email to his personal accounts, McAdams claimed that someone must have gained access to his work email and sent those files to frame him. *Id.* at 82:14–21, 87:19–23. Thus, the undersigned finds that McAdams's past conduct gives rise to an inference that there is a reasonable likelihood of future transgressions.

In sum, Kia has conclusively established that all five of the above factors weigh in favor of granting a permanent injunction against McAdams. Accordingly, the Court should grant summary judgment in Kia's favor as to its request for a permanent injunction.

### IV. CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Kia's Motion for Partial Summary Judgment (ECF No. 43) be **GRANTED,** and that judgment be entered in favor of Kia, as to its breach-of-contract claim and request for a permanent injunction. Should the Court adopt this Recommendation, Kia's Texas Uniform Trade Secrets Act, Defend Trade Secrets Act, and conversion claims against McAdams will proceed to trial.

## V. OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

**SIGNED this 15th day of October 2024.**

_____
**JEFFREY C. MANSKE**
**UNITED STATES MAGISTRATE JUDGE**